UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DESMOND FOUNTAIN,

                Plaintiff,

- against -        **COMPLAINT**

BELROSE, INC.
d/b/a BELROSE GALLERIES,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x



APR 01 2008
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff Desmond Fountain, by its attorneys Bainton McCarthy LLC, for his complaint against Defendant Belrose, Inc., avers:

### The Parties

1.     Plaintiff Desmond Fountain is a natural person and a citizen of Bermuda.

2.     Defendant Belrose, Inc. ("Belrose") is a corporation organized under the laws of a state of the United States and maintains a place of business in Atlantic City, New Jersey.

### Nature of This Action

3.     In this action, Plaintiff seeks injunctive relief and money damages for direct or vicarious infringement of his copyrights in bronze sculptures that he created in Bermuda. Plaintiff also seeks monetary relief based upon Defendant's unfair competition and unjust enrichment.

### Jurisdiction and Venue

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

5. This Court has personal jurisdiction pursuant to CPLR 301 and 302 over Defendant for the following reasons:

  A. Defendant regularly transacts business in New York via the internet and otherwise;

  B. Defendant injured Plaintiff in New York and elsewhere by entering into transactions that infringed Plaintiff's copyrights and by unfairly competing with Plaintiff in New York and elsewhere;

  C. Defendant derives substantial revenues from interstate and international commerce;

  D. Plaintiff was injured by the loss of customers in New York and elsewhere; and

  E. Defendant knew or should have known that its actions would have consequences in New York.

## Background of this Action

6. Plaintiff is a world-renowned artist and sculptor.

7. Defendant is widely known as a seller of piratical goods.

### AS AND FOR A FIRST CLAIM
### (Copyright Infringement)

8. Plaintiff repeats and reavers the averments of paragraphs 1 through 7 hereof.

9. Plaintiff owns the copyrights to the sculptural works "Homework," "Sit Boy, Sit," and "Matthew's Goose," which were created in Bermuda. Plaintiff also owns the copyrights in various other sculptural works, which were all created in Bermuda, expressed ultimately in bronze. These sculptural works are hereinafter referred to as the "Fountain Works."

10. Defendant has caused to be copied and has knowingly purchased for resale and sold piratical copies of the Fountain Works while knowing of Plaintiff's copyrights.

11. As a proximate and foreseeable result of willful copyright infringement by Defendant, Plaintiff has suffered monetary damages exceeding $10 million.

### AS AND FOR A SECOND CLAIM
### (Unfair Competition)

12. Plaintiff repeats and reavers the averments of paragraphs 1 through 11 hereof.

13. By reason of the foregoing, Defendant has competed unfairly with Plaintiff in derogation of the laws of the United States and New York.

14. Defendant's acts of unfair competition have damaged Plaintiff in amount exceeding $10 million.

### AS AND FOR A THIRD CLAIM
### (Unjust Enrichment)

15. Plaintiff repeats and reavers the averments of paragraphs 1 through 14 hereof.

16. By reason of Defendant's sales of piratical copies of the Fountain Works Defendant has been unjustly enriched in an amount exceeding $10 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Desmond Fountain respectfully demands that this Court enter judgment in its favor and against Defendant Belrose, Inc., as follows:

1. On his first claim, (a) permanently enjoining Defendant from infringing the Fountain Works pursuant to 17 U.S.C. § 502; (b) impounding and disposing of all infringing articles pursuant to 17 U.S.C. § 503; (c) awarding him his actual damages and Defendant's profits on its sales of infringing goods pursuant to 17 U.S.C. § 504; and (d) awarding him full costs and his attorneys' fees pursuant to 17 U.S.C. § 505.

2. On his second claim, awarding him such damages as shall be proven at trial;

3. On his third claim, awarding him the sum by which Defendant has been unjustly enriched as shall be determined at trial.

4. On all claims awarding him such other, further or different relief as to the Court may seem just and proper including the costs of this action.

Dated: New York, New York
      April 1, 2008

BAINTON McCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)

*Attorneys for Plaintiff*
26 Broadway, Suite 2400
New York, NY 10004-1840
(212) 480-3500
(212) 480-9557 (facsimile)