BAINTON MCCARTHY LLC
J. Joseph Bainton (JB-5934)
26 Broadway, Suite 2400
New York, NY 10004
(212) 480-3500
(212) 480-9557 (fax)

*Attorneys for Plaintiff Desmond Fountain*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
DESMOND FOUNTAIN,

      Plaintiff,

 - against -

BELROSE, INC.
d/b/a BELROSE GALLERIES,

      Defendant.
---------------------------------x

08 Civ. 3285 (LAK) (THK)

**NOTICE OF MOTION FOR ENTRY OF DEFAULT JUDGMENT, PERMANENT INJUNCTION AND OTHER RELIEF**

    PLEASE TAKE NOTICE that upon the Clerk's Certificate of Default attached hereto as Exhibit 1, the complaint to which no response was received attached hereto as Exhibit 2, the proposed form of Default Judgment, Permanent Injunction and Other Relief attached hereto as Exhibit 3, the accompanying Memorandum of Law, and the declaration of J. Joseph Bainton, executed on June 5, 2008, Plaintiff Desmond Fountain ("Fountain"), by its undersigned attorneys, moves this Court under Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b) for entry of a default judgment and permanent injunction as to Defendant Belrose, Inc. d/b/a Belrose Galleries ("Belrose") and states as follows:

    1.  On April 1, 2008, Fountain filed in the United States District Court for the Southern District of New York a complaint alleging certain acts by Defendant in violation of federal copyright law (the "Complaint") (Ex. 2).

2. On April 7, 2008, a Summons in a Civil Action and a copy of the Complaint was served upon Belrose in accordance with Federal Rule of Civil Procedure 4.

3. Belrose has failed to answer or otherwise respond to the summons and the Complaint within the time set forth in Federal Rule of Civil procedure 12(a), and has otherwise failed to appear in this action either personally or by a representative. Fountain is therefore entitled to judgment by default against Belrose.

4. The Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a) entered the default as to Defendant on May 7, 2008. (Ex. 1.)

5. Defendant is not a minor or an incompetent person.

6. Under Federal Rule of Civil Procedure 55(b)(2), this Court is empowered to enter a default judgment against Defendant for the relief sought in the Complaint.

WHEREFORE, Plaintiff Fountain respectfully requests that this Court enter judgment of default against Defendant Belrose as provided in the proposed Default Judgment, Permanent Injunction and Order for Other Relief (Ex. 3) submitted with this motion pursuant to Local Rule 55.2(b).

Dated: New York, New York
       June 5, 2008

Respectfully submitted,

BAINTON McCARTHY LLC

By: _____
    J. Joseph Bainton (JB-5934)

26 Broadway, Suite 2400
New York, NY 10004-1840
(212) 480-3500
(212) 480-9557 (fax)

*Attorney for Plaintiff Desmond Fountain*

## Certificate of Service

      I, Michael T. Roussel, hereby certify that on June 5, 2008 a true and correct copy of the foregoing *Notice of Motion for Entry of Default Judgment, Memorandum of Law In Support of Motion for Default Judgment, and Declaration of J. Joseph Bainton* were served on the defendant via first-class mail addressed as follows:

        BELROSE, INC.
        d/b/a BELROSE GALLERRIES
        1505 Boardwalk
        Atlantic City, New Jersey 08401

                                  /s/ Michael T. Roussel
                                  Michael T. Roussel

# **EXHIBIT 1**

BAINTON MCCARTHY LLC
J. Joseph Bainton (JB-5934)
26 Broadway, Suite 2400
New York, NY 10004
(212) 480-3500
(212) 480-9557 (fax)

*Attorneys for Plaintiff Desmond Fountain*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DESMOND FOUNTAIN,

                                      08 Civ. 3285 (LAK) (THK)

                Plaintiff,

                                      **CLERK'S CERTIFICATE**

- against -

BELROSE, INC.
d/b/a BELROSE GALLERIES,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       I, J. MICHAEL McMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on April 1, 2008 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant on April 7, 2008 by serving Charles Issacc, Managing Agent by hand delivery at 1505 Boardwalk, Atlantic City, New Jersey, and proof of such service thereof was filed on April 11, 2008.

       I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant Belrose, Inc. is hereby noted.

Dated: New York, New York
      May _7_, 2008

                              **J. MICHAEL McMAHON**
                              Clerk of the Court

                    By:_____
                                Deputy Clerk

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DESMOND FOUNTAIN,

                    Plaintiff,

- against -                    COMPLAINT

BELROSE, INC.
d/b/a BELROSE GALLERIES,

                    Defendant.

------------------------------------x

APR 01 2008
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff Desmond Fountain, by its attorneys Bainton McCarthy LLC, for his complaint against Defendant Belrose, Inc., avers:

**The Parties**

    1.    Plaintiff Desmond Fountain is a natural person and a citizen of Bermuda.

    2.    Defendant Belrose, Inc. ("Belrose") is a corporation organized under the laws of a state of the United States and maintains a place of business in Atlantic City, New Jersey.

**Nature of This Action**

    3.    In this action, Plaintiff seeks injunctive relief and money damages for direct or vicarious infringement of his copyrights in bronze sculptures that he created in Bermuda. Plaintiff also seeks monetary relief based upon Defendant's unfair competition and unjust enrichment.

**Jurisdiction and Venue**

    4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

5.   This Court has personal jurisdiction pursuant to CPLR 301 and 302 over Defendant for the following reasons:

   A.   Defendant regularly transacts business in New York via the internet and otherwise;

   B.   Defendant injured Plaintiff in New York and elsewhere by entering into transactions that infringed Plaintiff's copyrights and by unfairly competing with Plaintiff in New York and elsewhere;

   C.   Defendant derives substantial revenues from interstate and international commerce;

   D.   Plaintiff was injured by the loss of customers in New York and elsewhere; and

   E.   Defendant knew or should have known that its actions would have consequences in New York.

## Background of this Action

6.   Plaintiff is a world-renowned artist and sculptor.

7.   Defendant is widely known as a seller of piratical goods.

## AS AND FOR A FIRST CLAIM
## (Copyright Infringement)

8.   Plaintiff repeats and reavers the averments of paragraphs 1 through 7 hereof.

9.   Plaintiff owns the copyrights to the sculptural works "Homework," "Sit Boy, Sit," and "Matthew's Goose," which were created in Bermuda. Plaintiff also owns the copyrights in various other sculptural works, which were all created in Bermuda, expressed ultimately in bronze. These sculptural works are hereinafter referred to as the "Fountain Works."

10. Defendant has caused to be copied and has knowingly purchased for resale and sold piratical copies of the Fountain Works while knowing of Plaintiff's copyrights.

11. As a proximate and foreseeable result of willful copyright infringement by Defendant, Plaintiff has suffered monetary damages exceeding $10 million.

### AS AND FOR A SECOND CLAIM
### (Unfair Competition)

12. Plaintiff repeats and reavers the averments of paragraphs 1 through 11 hereof.

13. By reason of the foregoing, Defendant has competed unfairly with Plaintiff in derogation of the laws of the United States and New York.

14. Defendant's acts of unfair competition have damaged Plaintiff in amount exceeding $10 million.

### AS AND FOR A THIRD CLAIM
### (Unjust Enrichment)

15. Plaintiff repeats and reavers the averments of paragraphs 1 through 14 hereof.

16. By reason of Defendant's sales of piratical copies of the Fountain Works Defendant has been unjustly enriched in an amount exceeding $10 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Desmond Fountain respectfully demands that this Court enter judgment in its favor and against Defendant Belrose, Inc., as follows:

1. On his first claim, (a) permanently enjoining Defendant from infringing the Fountain Works pursuant to 17 U.S.C. § 502; (b) impounding and disposing of all infringing articles pursuant to 17 U.S.C. § 503; (c) awarding him his actual damages and Defendant's profits on its sales of infringing goods pursuant to 17 U.S.C. § 504; and (d) awarding him full costs and his attorneys' fees pursuant to 17 U.S.C. § 505.

2. On his second claim, awarding him such damages as shall be proven at trial;

3. On his third claim, awarding him the sum by which Defendant has been unjustly enriched as shall be determined at trial.

4. On all claims awarding him such other, further or different relief as to the Court may seem just and proper including the costs of this action.

Dated: New York, New York
April 1, 2008

BAINTON McCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)

*Attorneys for Plaintiff*
26 Broadway, Suite 2400
New York, NY 10004-1840
(212) 480-3500
(212) 480-9557 (facsimile)

# **EXHIBIT 3**

BAINTON MCCARTHY LLC
J. Joseph Bainton (JB-5934)
26 Broadway, Suite 2400
New York, NY 10004
(212) 480-3500
(212) 480-9557 (fax)

*Attorneys for Plaintiff Desmond Fountain*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DESMOND FOUNTAIN,

                Plaintiff,

  - against -

BELROSE, INC.
d/b/a BELROSE GALLERIES,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

08 Civ. 3285 (LAK) (THK)

**[Proposed] DEFAULT JUDGMENT, PERMANENT INJUNCTION AND ORDER FOR OTHER RELIEF**

This action having been commenced on April 1, 2008 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on Defendant, Belrose, Inc. d/b/a Belrose Galleries ("Belrose"), on April 7, 2008 by personal service on Charles Issacc, Managing Agent, at Belrose's place of business at 1505 Boardwalk, Atlantic City, New Jersey 08401, and a proof of service having been filed on April 11, 2008 and Belrose not having answered the Complaint, and the time for answering the Complaint having been expired, the Clerk of the Court having entered default as to Belrose on May 7, 2008, and Plaintiff Desmond Fountain ("Fountain") now seeking the entry of default judgment on all of his claims against Belrose pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Fountain's Motion for the Entry of Default Judgment against Defendant Belrose is hereby GRANTED, and IT IS THEREFORE ORDERED, ADJUDEGED AND DEGREED as follows:

1. The Court has jurisdiction of the subject matter of this action and the persons of the parties hereto.

2. Venue lies properly with this District.

3. Plaintiff's Complaint states a claim upon which relief can be granted against Defendant under Section 501 of the Copyright Act, 17 U.S.C. § 501.

4. Defendant was properly served on April 7, 2008 pursuant to Federal Rule of Civil Procedure 4.

5. Defendant failed to answer or otherwise respond to this action within the time set forth in Federal Rule of Civil Procedure 12(a), and has otherwise failed to appear in this action either personally or by a representative.

6. The Clerk of Court, under Federal Rule of Civil Procedure 55(a), entered default as to the defendant on May 7, 2008.

7. Defendant is not a minor or an incompetent person.

8. Fountain is the owner of the copyrights of the sculptural works identified on Schedule A and corresponding images thereto (collectively the "Fountain Works").

9. Defendant has wrongfully and otherwise without authorization of Fountain entered into transactions that infringed Fountain's copyrights and by unfairly competing with Fountain.

10. Defendant has violated Section 106 of the Copyright Act, 17 U.S.C. § 106.

11. Defendant's activities have caused and continue to cause, in addition to monetary damages yet to be determined, irreparable harm to Fountain for which there is no adequate remedy at law.

12. Defendant is likely to continue to engage in the activities complained of in this action unless it is prohibited from doing so by order of the Court.

13. This Order is in addition to, and not in lieu of, other remedies as may be provided by law.

14. Plaintiff is entitled to judgment and a permanent injunction pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

15. Entry of this Order is in the public interest.

16. Effective immediately, defendant with its officers, agents, employees, associates, affiliates, successors or assigns, and all persons acting in concert with any of them, are permanently enjoined and restrained from:

> A. Selling or listing for sale any of the Fountain Works or any sculptural work that is confusingly similar to any of the Fountain Works;
>
> B. Holding themselves out as the owner of, or as an entity with authorization to sell, transfer, copy, or assign any of the Fountain Works;
>
> C. Performing any actions or using any words, names, styles, titles or works which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the public into believing that Fountain is a sponsor of defendant, or that defendant is in some manner affiliated or associated with or under the supervision and control of Fountain, or that the products and services of defendant originate with Fountain or are conducted or offered with the approval, consent or authorization, or under the supervision of Fountain, or are likely in any way to lead the public to associate defendant with Fountain;

    D. Using any word, name styles, titles or marks which create a likelihood of injury to the business reputation or goodwill of Fountain;

    E. Using any unfair trade practices which competes with or injures Fountain's reputation, the Fountain Works, and the goodwill associated therewith; and

    F. Directly or indirectly copying, publishing, reproducing, distributing, disseminating, performing, displaying or creating any works, including any derivative works of the Fountain Works, or any of them, in whole or in part, by any means in any media now known or hereafter developed in any time, place or fashion.

17. Fountain is the owner of certain copyrights with respect to sculptural works which are not listed under Schedule A hereto (the "Non-Listed Works"). With respect to any of the Non-Listed Works, defendant, including its officers, agents, employees, associates, affiliates, successors and assigns, and all persons acting in concert with any of them, are permanently enjoined and restrained from knowingly doing anything listed in subparagraphs A, B, C, D, E or F of Paragraph 16 above.

18. Defendant shall deliver up forthwith for destruction for any and all merchandise, labels, advertising, literature, packaging, promotional material, mechanicals, printing plates or other materials in its possession or control that bear any mark or designation, or content in violation of Fountain's rights as decreed herein or from which such merchandise, materials or packaging may be manufactured or created.

19. Defendant shall use its best efforts to recall from any and all channels of distribution any products and/or sales, advertising or promotional material distributed directly or

indirectly by defendant bearing any mark, symbol, designation, or content in violation of the injunction herein.

20. For the purposes of determining monetary damages, including without limitation recovery of Defendant's profits, and other monetary relief, including awarding Fountain his attorneys' fees and other costs of this action, the Court shall conduct a hearing on a date to be determined by the Court.

21. In contemplation of such a hearing, Defendant shall produce to Fountain its books and records within 30 days of the entry of this Default Judgment, Permanent Injunction and Order.

IT IS FURTHER ORDERED that, as there is no just reason for delay of entry of this judgment, under Federal Rule of Civil Procedure 54(b), the Clerk shall enter this Order immediately.

Dated: New York, New York
       June __, 2008

_____
U.S.D.J.

This document was entered on the docket on
_____.