UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DESMOND FOUNTAIN,

                                        08 Civ. 3285 (LAK) (THK)

                Plaintiff,

- against -

BELROSE, INC.
d/b/a BELROSE GALLERIES,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 55(b)(2) AND LOCAL CIVIL RULE 55.2(b)**

BAINTON MCCARTHY LLC
*Attorneys for Plaintiff Desmond Fountain*
26 Broadway, Suite 2400
New York, NY 10004
(212) 480-3500
(212) 480-9557 (fax)

## I.    INTRODUCTION

This is a case wherein a world-renowned artist and sculptor seeks to protect his copyrights against a seller of piratical goods.  After unsuccessful attempts to have Defendant Belrose, Inc. d/b/a Belrose Galleries ("Belrose") cease its illegal acts, Plaintiff Desmond Fountain ("Fountain") commenced this action by filing a complaint on April 1, 2008 (the "Complaint").  Belrose has failed to respond to the Complaint and Fountain now seeks a default judgment finding Belrose liable on each of Fountain's claims for copyright infringement, unfair competition and unjust enrichment.  In connection with the default judgment, Fountain seeks a permanent injunction to prevent Belrose from infringing Fountain's copyrights in the future, an accounting of Belrose's illicit profits, attorneys' fees and costs, and trebling of damages due to Belrose's willful infringement of Fountain's copyrights.

## II.    STATEMENT OF THE FACTS

Fountain is owner of copyrights to bronze sculptural works he designs and sculpts in Bermuda.  A compilation of the copyrighted works is listed with corresponding images in Schedule A (collectively, the "Fountain Works") (Declaration of J. Joseph Bainton, executed on June 5, 2008 ("Bainton Decl."), Ex. A.)  In or about December 2006, Fountain discovered that Belrose was selling sculptural works that were unauthorized copies of some of the Fountain Works on its website.  Fountain, along with several other artists who had similar complaints against Belrose, wrote to Belrose demanding that it cease and desist its infringing activities.  When Belrose finally responded after the second cease and desist letter, it claimed that the items that may infringe upon the Fountain Works had been removed.  (Bainton Decl., Ex. B.)

1

On or about April 1, 2008, however, Fountain discovered that Belrose was again selling piratical items on its website, this time through the popular website eBay. In particular, a bronze copy of Fountain's "Homework" was sold as "Girl Reading a Book" on eBay. By the time Fountain became aware of this, the auction had ended and the item had been sold to a buyer for $1,700. (Bainton Decl., Ex. C.)

The Complaint against Belrose was filed in the United States District Court, Southern District of New York on April 1, 2008 based on defendant's improper use and sale of sculptures identical or substantially similar to the Fountain Works. (Notice of Motion, Ex. 2.) The Complaint alleged causes of action for: federal copyright infringement; unfair competition; and unjust enrichment. The relief sought by Fountain included: (1) a permanent injunction to enjoin Belrose from future infringing activity pursuant to 17 U.S.C. § 502; (2) impounding and disposing of all infringing articles pursuant to 17 U.S.C. § 503; (3) awarding Fountain his actual damages and Belrose's profits on its sales of infringing goods pursuant to 17 U.S.C. § 504; (4) an award of full costs and attorneys' fees pursuant to 17 U.S.C. § 505; (5) such other damages as shall be proven and determined at trial; and (6) further relief as the Court may deem just and proper, including the costs of the action.

Despite being served with a summons and the Complaint in this action (Bainton Decl., Ex. D), Belrose has disregarded the judicial process and has failed to appear in this action. Accordingly, on May 7, 2008, the Clerk of the United States District Court, Southern District of New York entered a default against Belrose based upon its failure to respond to the Complaint. (Notice of Motion, Ex. 1.)

### III. ARGUMENT

#### A. The Allegations Of The Complaint Are Deemed Admitted Upon Entry Of Default, And Fountain Is Therefore Entitled To Judgment Against The Defaulting Belrose On Each Of His Claims For Relief

##### 1. Default Judgment Is Appropriate Because Belrose Failed To Plead Or Otherwise Defend As Required By The Federal Rules Of Civil Procedure

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Furthermore, when a claim is not for a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Fountain hereby applies to the Court for Belrose's default judgment. Service was properly effectuated under the Federal Rules of Civil Procedure, and Belrose has defaulted. (Bainton Decl., Ex. D.) Additionally, "[t]he court may conduct hearings . . . when . . . it needs to . . . determine the amount of damages . . ." Fed. R. Civ. P. 55(b)(2).

All prerequisites to an order for default judgment have been satisfied with regard to the permanent injunction. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court should conduct a hearing to determine the amount of Fountain's actual damages, Belrose's profits, and costs and attorneys' fees, to which Fountain is entitled.

##### 2. The Factual Allegations Of Fountain's Complaint Are Deemed Admitted

Upon the entry of default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *See, e.g., Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting "the ancient common law axiom that a default is an admission of all well-pleaded allegations against

the defaulting party"); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993); *Au Bon Pain Corp. v. Mect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). In addition, the default itself establishes a defendant's liability. *Bambu Sales v. Ozak Trading*, 58 F.3d 849, 854 (2d Cir. 1995) ("There is no question that a default judgment establishes liability") (citing *e.g., Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)); *see also Cotton*, 4 F.3d at 181 (presuming by defendant's default that plaintiff "established all theories of recovery alleged in her complaint"). Among the most significant facts conclusively establishing Belrose's liability as to Fountain's claims are the following:

- Fountain owns copyrights in the Fountain Works, various sculptural works which were created by Fountain in Bermuda.

- Belrose caused to be copied and knowingly purchased for resale and sold piratical copies of the Fountain Works while knowing of Fountain's copyrights.

- By knowingly infringing Fountain's copyright, Belrose has competed unfairly with Fountain in derogation of the laws of the United States and New York.

- Through the sales of piratical copies of the Fountain Works, Belrose has been unjustly enriched.

As set forth above, Fountain's Complaint contains well-pleaded charges of Belrose' copyright infringement, unfair competition and unjust enrichment. Therefore, Fountain is entitled to a finding of liability against Belrose on each of his claims, and should be awarded the injunctive relief sought.

### B. Defendant Should Be Permanently Enjoined From Future Infringement Of Fountain's Copyrights

Fountain is entitled to a permanent injunction to prevent any future infringement of Fountain's copyrights by Belrose. A court may issue an injunction on a

motion for default judgment where that the plaintiff shows that (1) he is entitled to injunctive relief under the applicable statute, and (2) he meets the prerequisites for the issuance of an injunction. *Interscope Records v. Sharp*, 2007 U.S. Dist. LEXIS 93065 (N.D.N.Y Dec. 19, 2007). Section 502 of the Copyright Act authorizes the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Finally, to obtain a permanent injunction, a plaintiff must demonstrate (1) actual success on the merits and (2) irreparable harm. *See e.g., Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp 2d 284, 290 (S.D.N.Y. 2003). Generally, a copyright owner is entitled to a permanent injunction where liability has been established and a threat of continuing violation exists. *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1541 (S.D.N.Y. 1991).

  Courts often find a threat of continued infringement when defendants continue to infringe works and disregard the judicial process. *Gladys Music v. Ed Smith Productions, Ltd.*, 1994 U.S. Dist LEXIS 17942, *15-16 (N.D.N.Y. 1994); *Viacom Int'l, Inc. v. Fanzine Int'l, Inc.*, 2001 U.S. Dist. LEXIS 11925 (S.D.N.Y. Aug. 15, 2001) (defendant's continued infringement after receiving notice of plaintiff's objections suggests that a permanent injunction is necessary to prevent future behavior); *See e.g., Broadcast Music, Inc. v. Nortel Grill, Inc.*, 1991 U.S. Dist. LEXIS 18391 (W.D.N.Y. Aug. 30, 1991) (injunction granted because defendant's "total lack of response" to the action made threat of future infringement likely).

  Here, Fountain has established success on the merits of his claims by virtue of Belrose's default. *See Cotton*, 4 F.3d at 181. Indeed, Belrose' infringement

continued even after Fountain requested that Belrose stop its infringing behavior. Belrose has not responded to the Complaint, and continues to willfully infringe Fountain's works. Belrose's lack of a response and its continued infringement of the Fountain Works, provides Fountain little guarantee that the Belrose will not continue this behavior in the future. Therefore, Belrose should be permanently enjoined from any further infringements of Fountain's copyrights. Accordingly, Fountain requests that the Court permanently enjoin Belrose from future infringement of Fountain's copyrights.

### C. Belrose Should Be Required To Account And Pay To Fountain Damages And Profits Attributable To Belrose' Sale of Infringing Goods

#### 1. Fountain Is Entitled To Damages And Profits Pursuant To 17 U.S.C. § 504

The Copyright Act imposes two categories of compensatory damages. 17 U.S.C. § 504. The statute provides for the recovery of both the infringer's profits and the copyright owner's actual damages, keeping in mind that double recovery is not permitted where the two categories overlap. *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001). The two categories each have a different justification and are based on different financial data. *Id.* The award of the copyright owner's actual damages looks at the facts from the point of view of the owner, and compensates the owner for any harm suffered as a result of the infringement. *Id.* While the award of the infringer's profits, disgorges those profits to insure that he has not benefited from his wrongdoing. *Id.*

As previously stated, Fountain has established Belrose's liability by reason of Belrose's default. Thus, actual damages and Belrose's profits is the only issue to remain.

6

2.  Fountain Requests A Hearing To Specify Damages And Discovery Of Belrose's Profits

Where a default judgment establishes liability, but not a concession of damages, damages must be established by the plaintiff in a post-default inquest. *See Cappetta v. Lippmann*, 913 F. Supp. 302, 304 (S.D.N.Y. 1996). Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Fountain respectfully requests the Court to conduct a hearing to determine the amount of Fountain's actual damages and Belrose's profits, to which Fountain is entitled. In contemplation of such a hearing, Fountain also requests the Court to order Belrose to produce its books and records within 30 days of the entry of Default Judgment, Permanent Injunction and Order, submitted in support of Fountain's motion. (Notice of Motion, Ex. 3.)

**D.   Fountain is Entitled to Attorneys' Fees and Full Costs**

Under the Copyright Act, a prevailing plaintiff may also recover full costs and attorneys' fees in the Court's discretion. 17 U.S.C. § 505. Generally, costs and attorney's fees are awarded to a prevailing party because the Copyright Act is intended to encourage suits to redress copyright infringement. *Rith v. Pritikin*, 787 F.2d 54, 57 (2d Cir. 1986). The award "assures equal access to courts, provides an economic incentive to challenge infringements, and penalizes the losing party." *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 254 (2d Cir. N.Y. 1992).

When fixing the appropriate amount to be awarded for attorney's fees, the Second Circuit has directed that the "presumptively reasonable fee" method be employed. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 111 (2d Cir. 2007). To determine what a presumptively reasonable fee is, a court has to decide upon a reasonable hourly rate, bearing in "mind *all* of the case-specific variables

that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees." *Id.* at 117

These variables include "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* at 114, n.3. Lastly, the Court must consider "the rate a paying client would be willing to pay." *Id.* at 117.

As shown above and set forth in the Complaint, Belrose willfully and deliberately infringed Fountain's copyright. In addition to Belrose's malicious and deliberate infringing conduct, Belrose failed to appear in this action. Belrose's disregard for the proceedings and lack of formal appearance provide ample support for the conclusion that as the prevailing party, Fountain is entitled to full costs and attorneys' fees. Accordingly, Fountain respectfully requests the Court to conduct a hearing to determine the amount of attorneys' fees and costs, to which Fountain is entitled.

## IV. CONCLUSION

For the reasons set forth above, Fountain's motion for default judgment should be granted and Fountain should be awarded injunctive relief and a hearing to determine monetary damages, including costs and attorneys' fees.

Respectfully Submitted,

Dated: New York, New York
      June 5, 2008

By: _____
    J. Joseph Bainton (JB-5934)

BAINTON McCARTHY LLC
*Attorneys for Plaintiff*
26 Broadway, Suite 2400
New York, NY 10004-1840
Telephone: (212) 480-3500