BAINTON MCCARTHY LLC
J. Joseph Bainton (JB-5934)
26 Broadway, Suite 2400
New York, NY 10004
(212) 480-3500
(212) 480-9557 (fax)

*Attorneys for Plaintiff Desmond Fountain*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DESMOND FOUNTAIN,

                    Plaintiff,

  - against -

BELROSE, INC.
d/b/a BELROSE GALLERIES,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

08 Civ. 3285 (LAK) (THK)

[Proposed] DEFAULT
JUDGMENT, PERMANENT
INJUNCTION AND ORDER
FOR OTHER RELIEF

      This action having been commenced on April 1, 2008 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on Defendant, Belrose, Inc. d/b/a Belrose Galleries ("Belrose"), on April 7, 2008 by personal service on Charles Issacc, Managing Agent, at Belrose's place of business at 1505 Boardwalk, Atlantic City, New Jersey 08401, and a proof of service having been filed on April 11, 2008 and Belrose not having answered the Complaint, and the time for answering the Complaint having been expired, the Clerk of the Court having entered default as to Belrose on May 7, 2008, and Plaintiff Desmond Fountain ("Fountain") now seeking the entry of default judgment on all of his claims against Belrose pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Fountain's Motion for the Entry of Default Judgment against Defendant Belrose is hereby GRANTED, and IT IS THEREFORE ORDERED, ADJUDGED AND  DEGREED as follows:

1. The Court has jurisdiction of the subject matter of this action and the persons of the parties hereto.

2. Venue lies properly with this District.

3. Plaintiff's Complaint states a claim upon which relief can be granted against Defendant under Section 501 of the Copyright Act, 17 U.S.C. § 501.

4. Defendant was properly served on April 7, 2008 pursuant to Federal Rule of Civil Procedure 4.

5. Defendant failed to answer or otherwise respond to this action within the time set forth in Federal Rule of Civil Procedure 12(a), and has otherwise failed to appear in this action either personally or by a representative.

6. The Clerk of Court, under Federal Rule of Civil Procedure 55(a), entered default as to the defendant on May 7, 2008.

7. Defendant is not a minor or an incompetent person.

8. Fountain is the owner of the copyrights of the sculptural works identified on Schedule A and corresponding images thereto (collectively the "Fountain Works").

9. Defendant has wrongfully and otherwise without authorization of Fountain entered into transactions that infringed Fountain's copyrights and by unfairly competing with Fountain.

10. Defendant has violated Section 106 of the Copyright Act, 17 U.S.C. § 106.

11. Defendant's activities have caused and continue to cause, in addition to monetary damages yet to be determined, irreparable harm to Fountain for which there is no adequate remedy at law.

12. Defendant is likely to continue to engage in the activities complained of in this action unless it is prohibited from doing so by order of the Court.

13. This Order is in addition to, and not in lieu of, other remedies as may be provided by law.

14. Plaintiff is entitled to judgment and a permanent injunction pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

15. Entry of this Order is in the public interest.

16. Effective immediately, defendant with its officers, agents, employees, associates, affiliates, successors or assigns, and all persons acting in concert with any of them, are permanently enjoined and restrained from:

> A. Selling or listing for sale any of the Fountain Works or any sculptural work that is confusingly similar to any of the Fountain Works;
>
> B. Holding themselves out as the owner of, or as an entity with authorization to sell, transfer, copy, or assign any of the Fountain Works;
>
> C. Performing any actions or using any words, names, styles, titles or works which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the public into believing that Fountain is a sponsor of defendant, or that defendant is in some manner affiliated or associated with or under the supervision and control of Fountain, or that the products and services of defendant originate with Fountain or are conducted or offered with the approval, consent or authorization, or under the supervision of Fountain, or are likely in any way to lead the public to associate defendant with Fountain;

    D. Using any word, name styles, titles or marks which create a likelihood of injury to the business reputation or goodwill of Fountain;

    E. Using any unfair trade practices which competes with or injures Fountain's reputation, the Fountain Works, and the goodwill associated therewith; and

    F. Directly or indirectly copying, publishing, reproducing, distributing, disseminating, performing, displaying or creating any works, including any derivative works of the Fountain Works, or any of them, in whole or in part, by any means in any media now known or hereafter developed in any time, place or fashion.

17. Fountain is the owner of certain copyrights with respect to sculptural works which are not listed under Schedule A hereto (the "Non-Listed Works"). With respect to any of the Non-Listed Works, defendant, including its officers, agents, employees, associates, affiliates, successors and assigns, and all persons acting in concert with any of them, are permanently enjoined and restrained from knowingly doing anything listed in subparagraphs A, B, C, D, E or F of Paragraph 16 above.

18. Defendant shall deliver up forthwith for destruction for any and all merchandise, labels, advertising, literature, packaging, promotional material, mechanicals, printing plates or other materials in its possession or control that bear any mark or designation, or content in violation of Fountain's rights as decreed herein or from which such merchandise, materials or packaging may be manufactured or created.

19. Defendant shall use its best efforts to recall from any and all channels of distribution any products and/or sales, advertising or promotional material distributed directly or

indirectly by defendant bearing any mark, symbol, designation, or content in violation of the injunction herein.

20. For the purposes of determining monetary damages, including without limitation recovery of Defendant's profits, and other monetary relief, including awarding Fountain his attorneys' fees and other costs of this action, the ~~Court shall conduct a hearing on a date to be determined by the Court.~~ matter is referred to a magistrate judge.

21. In contemplation of such a hearing, Defendant shall produce to Fountain its books and records within 30 days of the entry of this Default Judgment, Permanent Injunction and Order.

22. The Clerk shall terminate the motion for a default judgment.

~~IT IS FURTHER ORDERED that, as there is no just reason for delay of entry of this judgment, under Federal Rule of Civil Procedure 54(b), the Clerk shall enter this Order immediately.~~

Dated: New York, New York
July 2, 2008

_____
U.S.D.J.

This document was entered on the docket on _____.

5