UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
DESMOND FOUNTAIN,

                                  08 Civ. 3285 (LAK) (THK)

                Plaintiff,

- against -


BELROSE, INC.
d/b/a BELROSE GALLERIES,

                Defendant.
----------------------------------x

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS APPLICATION FOR AN AWARD OF STATUTORY DAMAGES AND ATTORNEYS' FEES AND COSTS**

BAINTON MCCARTHY LLC
*ATTORNEYS FOR PLAINTIFF DESMOND FOUNTAIN*
26 BROADWAY, SUITE 2400
NEW YORK, NEW YORK 10004
TEL. (212) 480-3500
FAX (212) 480-9557

# TABLE OF CONTENTS

Preliminary Statement ................................................... 1

Procedural Background .................................................. 1

Factual Background ..................................................... 2

Argument ............................................................. 4

    I.    FOUNTAIN IS ENTITLED TO ENHANCED
          STATUTORY DAMAGES ..................................... 5

          A. Applicable Legal Standard .................................. 5

          B. Belrose's Infringement Was and Is Willful ..................... 7

    II.   FOUNTAIN SHOULD BE AWARDED FULL
          COSTS OF THIS ACTION AND REASONABLE
          ATTORNEYS' FEES ......................................... 8

Conclusion ........................................................... 12

## Preliminary Statement

Plaintiff Desmond Fountain ("Fountain") respectfully submits this memorandum in support of his application for an award of statutory damages in the sum of $700,000 and attorneys' fees against the defaulting defendant Belrose, Inc. ("Belrose"). Belrose has not appeared in this action, has ignored the judicial process, and has failed to comply with any of the Court's orders. Fountain therefore has no reason to believe the Belrose will now appear and submit an opposition to this application. In the unlikely event that Belrose does file and serve an opposition, however, Fountain respectfully requests that the Court set a hearing on damages.

## Procedural Background

This is a case wherein an internationally acclaimed sculptor seeks to protect his copyrights in his exquisite, life-size bronze sculptures against a willful seller of piratical goods. After unsuccessful attempts to have Belrose cease its illegal acts, Fountain commenced this action by filing a complaint on April 1, 2008 (the "Complaint"). A copy of the Complaint is attached as Exhibit A to the Declaration of J. Joseph Bainton, executed on August 15, 2008 ("Bainton Decl."). Belrose failed to respond to the Complaint and Fountain sought a default judgment finding Belrose liable on each of Fountain's claims for copyright infringement, unfair competition and unjust enrichment. (Bainton Decl. ¶ 3.) In connection with the motion for default judgment, Fountain also sought a permanent injunction to prevent Belrose from infringing Fountain's copyrights in the future, an accounting of Belrose's illicit profits, attorneys' fees and costs, and trebling of damages due to Belrose's willful infringement of Fountain's copyrights. (*Id.*)

On July 2, 2008, Judge Kaplan granted Fountain's motion and issued Default Judgment, Permanent Injunction and Order for Other Relief (the "Order") against Belrose. (Bainton

1

Decl., Ex. B.) The matter was referred to this Court for an inquest on damages. (Bainton Decl., Ex. C.)

In order to enable Fountain to obtain evidence of the magnitude of Belrose's sales of infringing goods, Judge Kaplan also ordered Belrose to produce its books and records within 30 days of entry of the Order. (Bainton Decl., Ex. B.) Plaintiff delivered copies of the Order and the Order of Reference to a Magistrate Judge to Belrose by personal service on July 8, 2008. (Bainton Decl., Ex. D.)

In contempt of the Order, Belrose has failed to produce its books and records, and therefore Fountain is left without any means of determining Belrose's profits. (Bainton Decl. ¶ 7.) Thus the amount of its sales of infringing goods cannot be proven.

In addition, a review of Belrose's website shows that unauthorized copies of Fountain's sculptures are still offered for sale despite the Order permanently enjoining and restraining Belrose from selling or listing for sale any of Fountain's works or any sculptural work that is confusingly similar to any of such works. (Bainton Decl. ¶ 8, Ex. E.) Fountain is in the process of seeking an order from Judge Kaplan ordering Belrose to show cause why it should not be held in contempt of the Order. (Bainton Decl. ¶ 10.)

Given Belrose's complete disobedience of the Order requiring it to disclose its books and records, Fountain has no practical alternative but to seek an award of statutory damages pursuant to 17 U.S.C. § 504(c), as well as full costs and attorneys' fees.

**Factual Background**

Upon the entry of default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *See, e.g., Vermont Teddy Bear Co., Inc. v. 1-*

2

*800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting "the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party"). Accordingly, for the purposes of calculating damages, Fountain briefly outlines the underlying facts which give rise to his copyright infringement, unfair competition and unjust enrichment claims. Additional relevant facts are set forth in Declaration of Desmond Fountain, executed on August 14, 2008 ("Fountain Decl.") and are respectfully incorporated herein by reference.[1]

Fountain is owner of copyrights to bronze sculptural works he designs and sculpts in Bermuda (collectively the "Fountain Works"). The Fountain Works are identified on Schedule A with corresponding images, which are collectively attached as Ex. A to Fountain Decl. Fountain has registered many of his works with the United States Copyright Office and has obtained Certificates of Registration. (Fountain Decl., Ex. B.)

In or about November 2006, Fountain discovered that Belrose was selling on its website sculptural works that were unauthorized copies of a number of the Fountain Works. (Fountain Decl., Ex. C.) Fountain, along with several other artists who had similar complaints against Belrose, wrote to Belrose demanding that it cease and desist its infringing activities. (Fountain Decl., Exs. D & E.) When Belrose finally responded after the second cease and desist letter, it represented that the items that infringed upon the Fountain Works had been removed. (Fountain Decl., Ex. F.)

Fountain found that that representation was not true, so he (and other artists) wrote again. (Fountain Decl., Ex. G.) Once again, Belrose represented that the infringing items were being

---

[1] We have not received the original Fountain Decl., which is being sent to us from Europe, where Mr. Fountain is at this time. We are submitting a copy at this time and will file the original once it arrives from Europe.

removed from the website. (Fountain Decl., Ex. H.)

On or about April 1, 2008, Fountain discovered that Belrose was again selling piratical items, this time through the popular website eBay. (Fountain Decl. ¶ 21.) In particular, a copy of Fountain's bronze sculpture entitled "Homework" was sold as "Girl Reading a Book" on eBay. (*Id.*; Bainton Decl., Ex. F.) By the time Fountain's attorneys became aware of this, the auction had ended and the item had been sold to a buyer for $1,700. (Bainton Decl. ¶ 11, Ex. F.) Through a message function provided by eBay, counsel for Fountain urged the buyer not to close on the transaction, which infringed upon Fountain's copyright. (Bainton Decl. ¶ 12, Ex. G.) The transaction was nonetheless processed.

Fountain filed the Complaint based on Belrose's improper use and sale of sculptures identical or substantially similar to the Fountain Works despite his repeated attempts to stop Belrose's infringing activities. (Bainton Decl., Ex. A.) Belrose has failed to appear in this action.

**Argument**

There is no dispute that Belrose sold or offered for sale, at a minimum, seven of the Fountain Works. (Bainton Decl. ¶ 8-13, Exs. E, F, H.) As a matter of law, Belrose's liability has been established as a result of its default. *Bambu Sales v. Ozak Trading*, 58 F.3d 849, 854 (2d Cir. 1995) ("There is no question that a default judgment establishes liability"). Belrose's own website and the eBay records demonstrate that Belrose sold and/or offered for sale each of the seven works that is the subject of this damages inquiry. Accordingly, Fountain is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) as well as an award of full costs and reasonable attorneys' fees.

I.   **Fountain is Entitled to Enhanced Statutory Damages**

A.   **Applicable Legal Standard**

The Copyright Act provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action." 17 U.S.C. § 504(c)(1). Statutory damages often are used in cases where actual damages cannot be precisely calculated. *See, e.g., RSO Records, Inc. v. Peri,* 596 F. Supp. 849, 862 (S.D.N.Y. 1984). In light of Belrose's failure to provide Fountain with its books and records, Fountain now elects to recover an award of statutory damages. Statutory damages "are available without proof of plaintiff's actual damages or proof of any damages." *Starbucks Corp. v. Morgan,* 2000 U.S. Dist. LEXIS 14677, *6, 99 Civ. 1404 (S.D.N.Y. Jul. 11, 2000), citing 17 U.S.C. § 504(c)(1).

It is well-established that district courts have broad discretion in setting the amount of statutory damages. *National Football League v. Primetime 24 Joint Venture,* 131 F. Supp. 2d 458, 472 (S.D.N.Y. 2001) (plaintiff in a copyright infringement action awarded $2,557,500 in statutory damages and $45,792.99 in costs). The broad discretionary power given to district courts to make such an award serves the dual purposes of the Copyright Act: to compensate copyright owners and to provide a deterrent for would-be infringers. *Id.* at 473 (citations and quotation marks omitted). A copyright plaintiff is generally entitled to recover statutory damages of not less than $750 or more than $30,000 per copyright infringed under 17 U.S.C. § 504(c). Statutory damages are to be assessed in an amount that the Court considers just. 17 U.S.C. § 504(c)(1). Further, in the event that the Court finds the infringement was willful, the Court in its discretion may increase the award of statutory damages to $150,000 per work. § 504(c)(2).

5

Courts consider a number of factors in awarding statutory damages, including: the expenses saved and the profits earned by the defendant; the revenues lost by the plaintiff; the deterrent effect, if any, that such an award will have on the defendant and third parties; the cooperation of the defendant in providing evidence concerning the value of the infringing material; and the conduct and attitudes of the parties. *NFL*, 131 F. Supp. 2d at 473-74 (citations omitted). Here, by reason of the willful disobedience of the Order, the amount of Belrose's profits cannot be proven.

A key factor in determining the appropriate statutory damage award is the infringer's state of mind, "whether willful, knowing or merely innocent." *Id.* at 474, quoting *N.A.S. Import, Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). Willfulness in the context of the statutory damages for copyright infringement means that the infringer either had actual knowledge that it was infringing on plaintiff's copyrights or else acted in reckless disregard of the high probability that it was infringing plaintiff's copyrights. *UMG Recordings, Inc. v. MP3.com, Inc.*, 2000 U.S. Dist. LEXIS 13293, *14, 00 Civ. 472 (S.D.N.Y. Sept. 6, 2000); *see also Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded the possibility."); *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010-11 (2d Cir. 1995) ("Reckless disregard of the copyright holder's rights ... suffices to warrant award of the enhanced damages."); *N.A.S. Import, Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992); *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986); *Antenna Television*, 1996 U.S. Dist. LEXIS 7643; *Dumas v. Dagl*, 1990 U.S. Dist. LEXIS 18145, No. 88 Civ. 2293 (S.D.N.Y. May 24,

1990) ("Proof of actual knowledge or maliciousness is not required, and constructive knowledge is enough").

### B. Belrose's Infringement Was and Is Willful

As early as December 2006, Belrose was notified that its business activities infringed upon Fountain's copyrights. (Fountain Decl., Ex. D.) Despite Fountain's "cease and desist" letters, the commencement of this action, and even the Court's issuance of a default judgment and a permanent injunction against Belrose, it continues to engage in activities that infringe upon the copyrights owned by Fountain and has obstinately failed to produce records of its sales of infringing goods and its profits thereon. Thus there is compelling evidence that Belrose acted willfully, has failed to cooperate in this action, and is in contempt of the Order. Accordingly, Fountain is entitled to enhanced statutory damages in an amount up to $150,000 per work. Fountain's works that are the subjects of this action are valued up to $85,000 per work. (Fountain Decl. ¶¶ 22-24, Ex. I.) Moreover, the piratical item that Belrose sold on eBay was sold for $1,700, more than double the minimum amount to which Fountain is statutorily entitled.

The Court has before it evidence of seven infringements. There is no reason to assume that those are the only infringements. The fact that Fountain can only prove infringements of seven copyrights is the direct result of Belrose's failure to obey a court order directing it to make its books and records available.

Accordingly, Fountain respectfully requests that the Court award him enhanced statutory damages in the sum of $100,000 per infringement. *See Wilen v. Alternative Media Net, Inc.*, 03 Civ. 2524 (RMB) (JCF), 2004 U.S. Dist LEXIS 24686 *7 (S.D.N.Y. Dec. 3, 2004) (appropriate award of $20,000 for each of seven infringed photograph where defendant acted

willfully and there existed a need to deter defendant and others from future infringement); *Eastern America Trio Products, Inc. v. Tang Electronic Corp.*, 97 F. Supp. 2d 395, 419 (S.D.N.Y. 2000) ($12,500 awarded per infringed photograph where court found willfulness, blatant disregard of copyright notice, and need for deterrence).

This case is directly analogous to *ASA Music Prods. v. Thomsun Elecs.*, 1998 U.S. Dist. LEXIS 22362, 49 U.S.P.Q.2d 1545, 1552 (S.D.N.Y. 1998), which ten years ago awarded $90,000 in statutory damages because it found the defendant had acted willfully and failed to cooperate in providing profit information.

## II. Fountain Should Be Awarded Full Costs of This Action and Reasonable Attorneys' Fees

Under the Copyright Act, a prevailing plaintiff may also recover full costs and attorneys' fees in the Court's discretion. 17 U.S.C. § 505. Generally, costs and attorneys' fees are awarded to a prevailing party because the Copyright Act is intended to encourage suits to redress copyright infringement. *Rith v. Pritikin*, 787 F.2d 54, 57 (2d Cir. 1986). The award "assures equal access to courts, provides an economic incentive to challenge infringements, and penalizes the losing party." *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 254 (2d Cir. 1992).

When fixing the appropriate amount to be awarded for attorneys' fees, the Second Circuit has directed that the "presumptively reasonable fee" method be employed. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 111 (2d Cir. 2007). To determine what a presumptively reasonable fee is, a court has to decide upon a reasonable hourly rate, bearing in mind "*all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees." *Id.* at 117.

These variables include "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* at 114, n.3. Lastly, the Court must consider the rate a paying client would be willing to pay. *Id.* at 117.

As shown above and set forth in the Complaint, Belrose willfully and deliberately infringed Fountain's copyrights. In addition to Belrose's malicious and deliberate infringing conduct, Belrose failed to appear in this action, failed to stop infringing upon Fountain's copyrights, and failed to produce its books and records in contempt of the Order. Belrose's disregard for the proceedings and lack of formal appearance provide ample support for the conclusion that as the prevailing party, Fountain is entitled to full costs and attorneys' fees.

The fee applicant has the burden of proving the reasonableness of the billing rates and the number of hours expended, and must submit contemporaneous time records that support the hours worked and rates claimed.[2] *Toys "R" Us, Inc. v. Abir*, No. 97 Civ. 8673 (JGK), 1999 U.S. Dist. LEXIS 1275 (S.D.N.Y. Feb. 10, 1999); *see New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). The reasonable hourly rates are the prevailing rates for similar services by lawyers of reasonably comparable skill, experience and reputation in the

---

[2] The actual time slips need not be produced and an affidavit attaching a computerized printout of the pertinent contemporaneous time records is acceptable. *Tri-Star Pictures, Inc. v. Unger*, 42 F. Supp. 2d 296, 302 (S.D.N.Y. 1999).

9

relevant market – here, New York City. *Id.*; *see Blum v. Stenson,* 465 U.S. at 895 & n.11. If the applicant carries its burden, the "lodestar" amount is presumed to be the reasonable fee. *Blum v. Stenson,* 465 U.S. at 897.

Attached as Exhibit I to Bainton Decl. is a summary report of the electronic database contemporaneous time records of work performed by each attorney and paralegal with regard to this action, the date on which the work was performed, the hours expended by each attorney and paralegal, and the nature of the work performed. *See, e.g., United States ex. rel. Mikes v. Straus,* 274 F.3d 687, 705 (2d Cir. 2001).[3]

Below is a chart summarizing the reasonable attorneys' fees associated with this action.

| Attorney | Years Experience | Hours Spent | Hourly Rate | Total |
|---|---|---|---|---|
| J. Joseph Bainton | 34 | 6.6 | $ 590.00 | $ 3,894.00 |
| John G. McCarthy | 16 | 0.6 | $ 425.00 | $ 255.00 |
| Deana D. Ahn | 6 | 71.5 | $ 265.00 | $ 18,947.50 |
| Mark D. Wessel | 1 | 25.7 | $ 165.00 | $ 4,240.50 |
| Michael Roussel (paralegal) | N/A | 30 | $ 100.00 | $ 3,000.00 |
| Peter Choi (paralegal) | N/A | 6.7 | $ 100.00 | $ 670.00 |
| | | | **TOTAL** | $ 31,007.00 |

---

[3] Fountain reserves the right to apply for any further attorneys' fees and costs incurred if a hearing on damages is held.

Also included as Exhibit J to Bainton Decl. is an itemization of the costs and disbursements associated with this action, which total $1,426.60. In sum, Fountain respectfully requests that the Court award it reasonable attorneys' fees in the amount of $31,007 and costs in the amount of $1,426.60.

## Conclusion

For the foregoing reasons, Fountain respectfully requests that the Court award him:

(a) Enhanced statutory damages pursuant to 17 U.S.C. § 504(c) in the sum of $100,000 in respect to each of the infringements for a total award of $700,000; and

(b) Costs in the amount of $1,426.60 and reasonable attorneys' fees in the amount of $31,007 pursuant to 17 U.S.C. § 505; and

(c) Any other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 15, 2008

Respectfully Submitted,

BAINTON McCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)
Deana D. Ahn (DA-9532)

26 Broadway, Suite 2400
New York, NY 10004-1840
Tel.: (212) 480-3500
Fax: (212) 480-9557
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Peter H. Choi, hereby certify that on August 15, 2008, a true and correct copy of the foregoing *Plaintiff's Memorandum in Support of His Application for an Award of Statutory Damages and Attorneys' Fees and Costs* was served on defendant Belrose, Inc. d/b/a Belrose Galleries via Federal Express addressed as follows:

Belrose, Inc.
d/b/a Belrose Galleries
1505 Boardwalk
Atlantic City, New Jersey 08401



Peter H. Choi