J. Joseph Bainton (JB-5934)
Deana D. Ahn (DA-9532)
BAINTON McCARTHY LLC
*Attorneys for Plaintiff Desmond Fountain*
26 Broadway, Suite 2400
New York, New York 10004
Tel. (212) 480-3500
Fax (212) 480-9557

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DESMOND FOUNTAIN,

                        Plaintiff,

    - against -

BELROSE, INC.
d/b/a BELROSE GALLERIES,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

08 Civ. 3285 (LAK) (THK)

**MEMORANDUM OF LAW
IN SUPPORT OF
ORDER TO SHOW CAUSE**

**Preliminary Statement**

Plaintiff Desmond Fountain ("Fountain") respectfully submits this memorandum of law in support of his application, by an Order directing Defendant Belrose, Inc. ("Belrose") to show cause why it is not in civil contempt of this Court's Default Judgment, Permanent Injunction and Order for Other Relief dated July 2, 2008 (the "Order"), and for an order imposing coercive sanctions in the amount of $10,000 per day until such time as Belrose complies with the Order.

**Factual Background**

The relevant facts are set forth in the accompanying Declaration of Deana D. Ahn, executed on August 15, 2008 ("Ahn Decl.") and are respectfully incorporated herein by reference.

## Procedural Background

After unsuccessful attempts to have Belrose cease its illegal acts, Fountain commenced this action by filing a complaint on April 1, 2008 (the "Complaint"). Belrose failed to respond to the Complaint and Fountain sought a default judgment finding Belrose liable on each of Fountain's claims for copyright infringement, unfair competition and unjust enrichment. In connection with the motion for default judgment, Fountain also sought a permanent injunction to prevent Belrose from infringing Fountain's copyrights in the future, an accounting of Belrose's illicit profits, attorneys' fees and costs, and trebling of damages due to Belrose's willful infringement of Fountain's copyrights.

On July 2, 2008, this Court granted Fountain's motion and issued Default Judgment, Permanent Injunction and Order for Other Relief (the "Order") against Belrose. (Ahn Decl., ¶ 1.) The Order provided, among other things, that "[e]ffective immediately, defendant with its officers, agents, employees, associates, affiliates, successors or assigns, and all persons acting in concert with any of them, are permanently enjoined and restrained from:

> A. Selling or listing for sale any of the Fountain Works or any sculptural work that is confusingly similar to any of the Fountain Works;

(Ahn Decl., Ex A, ¶ 16(A)). The Order also directed Belrose to produce its books and records within 30 days of the entry of the Order. (*Id.*, ¶ 21.)

## Argument

### I. Legal Standard

Every order granting an injunction binds the parties who receive actual notice of it. Fed. R. Civ. P. 65(d). Once a plaintiff has established that a defendant had actual notice of the Court's decree, the question of contempt and appropriate relief come into play. *See Vuitton Et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979). If any defendant violated

2

the decree, a finding of civil contempt would be in order, and actual damages would be available to the plaintiff. *Id.*

Generally, the sanctions imposed after a finding of civil contempt serve two functions: (1) to coerce future compliance and (2) to remedy past noncompliance. *Id.*; *United States v. United Mine Workers*, 330 U.S. 258, 302-04 (1947). A district judge, sitting in equity, is vested with wide discretion in fashioning a remedy, but it is well settled that civil contempt proceedings must be remedial and compensatory and not punitive. *Id.*; *Manhattan Indus., Inc. v. Sweater Bee By Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989). The concept of compensatory damages includes profits derived by the contemnor from violation of the court order. *Manhattan Indus., Inc.*, 885 F.2d at 5-6. The sanctions are imposed to make reparation to the injured party and restore the parties to the position they would have held had the injunction been obeyed. *Vuitton Et Fils S.A*, 592 F.2d at 130. It is appropriate therefore for the court to also award the reasonable costs of prosecuting the contempt action, including attorneys' fees if the violation of the decree is found to be willful. *Id.*

## II. Belrose Should Be Held In Contempt

In this case, it is undisputed that Belrose sold, and offered for sale, infringing copies of the Fountain Works. The Court therefore, on July 2, 2008, granted Fountain's request to permanently enjoin Belrose from "selling or listing for sale any of the Fountain Works." Belrose was served with that Order. (Ahn Decl., Ex. A.) However, over a month later, Belrose has still failed to comply with the Order, and therefore a finding of civil contempt is in order, and remedial and compensatory damages should be awarded. Accordingly, Fountain seeks coercive sanctions in the amount of $10,000 per day until such time as Belrose complies with the Order, as well as the cost of prosecuting this contempt proceeding and attorneys' fees.

Although Fountain would be entitled to Belrose's profits derived from its contemptuous acts, Fountain cannot make a showing of those profits because Belrose has not produced its books and records as it should have pursuant to the Order. In light of Belrose's continued disregard for the judicial process, an award in the amount of $10,000 per day until such time as Belrose complies with the Order is just and reasonable.

## Conclusion

For the reasons set forth above, Fountain's application for an order directing Belrose to show cause why it is not in civil contempt of the Order, and for an order imposing coercive sanctions should be granted.

Dated: New York, New York
      August 15, 2008

Respectfully Submitted,

BAINTON McCARTHY LLC

By: _____
J. Joseph Bainton (JB-5934)
Dean D. Ahn (DA-9532)

26 Broadway, Suite 2400
New York, NY 10004-1840
Tel.: (212) 480-3500
Fax: (212) 480-9557
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Peter H. Choi, hereby certify that on August 15, 2008, a true and correct copy of the foregoing *Memorandum of Law in Support of Order to Show Cause* was served on defendant Belrose, Inc. d/b/a Belrose Galleries via Federal Express addressed as follows:

Belrose, Inc.
d/b/a Belrose Galleries
1505 Boardwalk
Atlantic City, New Jersey 08401

Peter H. Choi